IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No.   24-162 |
| v. | ) ) ) ) | |
| AVERY LIONEL TURNER | ) ) | |

**MEMORANDUM OPINION**

Kiera Cox ("Cox" or "movant"), a third party, filed a pro se motion with this court seeking the return of personal property items seized by law enforcement in connection with the above-captioned case. (ECF No. 41). The government filed a response objecting to the relief sought. (ECF No. 43). The motion is briefed fully and is ripe for resolution. For the reasons set forth below, the movant's motion will be denied, without prejudice.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

**A. The Seized Property**

On June 18, 2024, law enforcement executed searches for two properties and a vehicle associated with the defendant, Avery Turner ("Turner" or "defendant"), pursuant to warrants obtained following a long-term investigation. (ECF Nos. 33 at 5, 36 at 2, 43 at 1-2). Multiple warrants were served on several individuals and vehicles at various physical locations as part of the investigation. (Crim No. 24-mj-943, ECF No. 8). Relevant to the movant's motion is the search conducted at 223 Orchard Avenue, which Cox asserts is her residence. (ECF No. 41 at 1). The signed warrant for 223 Orchard Avenue authorized, amongst other things, the following property

1

to be searched and seized: controlled substances, paraphernalia for packaging, processing and distributing controlled substances, cell phones, cash, currency, firearms, firearm magazines, firearm parts, ammunition and other dangerous weapons. (ECF No. 43-2 at 4-5). The Pennsylvania State Police Trooper assigned to the Federal Bureau of Investigation Task Force that conducted the investigation into Turner testified at Turner's detention hearing about the search warrants and items seized as a result of those warrants. (Transcript, ECF No. 33). With respect to 223 Orchard Avenue, the officer testified that the following items were recovered: "drug packaging material, a shotgun, ammunition, and an extended magazine," as well as approximately $3,500 cash. (*Id.* at 9-10).

Turner was indicted by a grand jury on July 23, 2024, for possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii). (ECF No. 3). The indictment of Turner gives notice that the government will seek forfeiture, in accordance with 21 U.S.C. § 853(a)(1-2), of certain of the items seized in the search: a Landor Arms Model 902 Gen 3 12-gauge shotgun, two 12-gauge shotgun magazines, a 9mm ProMag extended pistol magazine, a 9mm pistol magazine, assorted rounds of 12-gauge ammunition, assorted rounds of 9mm ammunition, and approximately $3,535 in U.S. currency. (*Id.* at 3-4).

B. **Movant's Motion for Return of Seized Property**

The items listed for forfeiture in the Turner indictment, (*Id.*), less the currency, are all included in the list of items Cox moves this court to return. (ECF No. 41). She, additionally, requests the return of a Phoenix Arms .22 caliber pistol, .22 caliber ammunition, .38 caliber ammunition and a purple Apple iPhone 14. (*Id.*). Cox claims all the items are her own "lawful

2

property" and that they "have no known connection to the allegations in Case No. 24-162." (*Id.* at 1). Cox, citing Rule 41(g) of the Federal Rules of Criminal Procedure, misquotes the rule and the applicable standard for considering a grant of return of property by claiming," a person aggrieved by the deprivation of property may move for its return if it is not being used as evidence in an active investigation or prosecution."[1] (*Id.* at 2).

The government opposes Cox's motion on three grounds. First, it contends that court should decline to exercise equitable jurisdiction over Cox's motion because she has not met her burden for it to be invoked. (ECF No. 43 at 4). Second, the government argues Cox's motion for return of property is "barred by the applicable forfeiture statute." (*Id.*). Third, because the search was lawfully executed, the government asserts Cox's claim fails on the merits. (*Id.*).

## II.   LEGAL STANDARD OF REVIEW

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). The rule requires that the motion be filed in the district where the property was taken and that the court must receive any evidence necessary to decide factual issues relating to the motion. *Id.* If the court grants the motion, then "the court must return the property," but may include conditions which would allow for later access to the property for

---

1. The entire text of Rule 41(g) reads: A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings. FED. R. CRIM. P. 41(g).

purposes of any subsequent court proceeding. *Id.*

The Third Circuit Court of Appeals has recognized:

> It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture.

*United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). Motions for return of property at the conclusion of criminal proceedings are treated as civil actions for equitable relief by the court. (*Id.*).

> Generally, a Rule 41(e)[2] motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues."

*Chambers*, 192 F.3d at 377 (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir.1991)).

### III. DISCUSSION

#### A. Equitable Jurisdiction

##### 1. General

When a motion for return of property "'is filed by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invoke its civil equitable jurisdiction.'" *United States v. Singleton*, 867 F. Supp. 2d 564, 569 (D. Del. 2012) (quoting *United*

---

2. *See United States v. Nocito*, No. CR 18-35, 2020 WL 4350241, at *2 (W.D. Pa. July 29, 2020). (In 2002, the "motion to return property" provision was re-designated from Rule 41(e) to Rule 41(g) and courts recognize that case law interpreting former Rule 41(e) generally applies to current Rule 41(g). 3A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE CRIMINAL § 690 (4th ed. 2017, April 2020 update)).

*States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989, 1001 (9th Cir.2009)). This discretionary jurisdiction is to be exercised in exceptional cases only where equity demands action. *Id.; see United States v. Dean*, 80 F.3d 1535, 1542 (11th Cir. 1996). District courts within the Third Circuit review four factors when considering whether to exercise equitable jurisdiction. *See Gmach Shefa Chaim v. United States*, 692 F.Supp.2d 461, 469 (D.N.J.2010).

> First, "whether the government displayed a callous disregard for the constitutional rights of the movant." Second, "whether the movant has an individual interest in and need for the property [s]he wants returned." Third, "whether the movant would be irreparably injured by denying return of the property." Fourth, "whether the movant has an adequate remedy at law for the redress of [her] grievance."

*Singleton*, 867 F. Supp. 2d at 569 (quoting *Chaim*, 692 F.Supp.2d at 469 (citing *Manno v. Christie*, No. 08–3254, 2008 WL 4058016, at *2 (D.N.J. Aug. 22, 2008))). The last two factors are considered "paramount." *Id.* "If a motion for return of property is made while a criminal prosecution is pending, then the burden of proof is on the movant to show that he or she is entitled to the property." *Chambers*, 192 F.3d at 377.

### 2. First Factor – Callous Disregard

Law enforcement executed a search warrant on Cox's address supported by probable cause after a long-term investigation of Turner's activity indicated evidence of criminal activity would be found at that address. (ECF No. 43-2). In fact, Turner was present when the search was executed (Transcript, ECF No. 33 at 9), and the items seized were of the same nature as those specified in the warrant. (ECF No. 43-2 at 4-5). Movant's claim that she has "legitimate ownership interest in all items seized" (ECF No. 41 at 1), without any corroborating evidence, is contrasted by the testimony of the State Police Trooper at Turner's detention hearing. He testified that the investigation into the shotgun, magazine, and assorted ammunition was ongoing, but noted it was

determined that Cox had not purchased the shotgun. (Transcript, ECF No. 33 at 12).

In Cox's motion, she makes a conclusionary statement that "the government has provided no evidence suggesting the seized items are necessary for evidentiary purposes in Case 24-162." (ECF No. 41 at 2). She, however, does not explain the basis for that conclusion. While the criminal proceedings against Turner are ongoing, the court to grant Cox's motion would need to speculate that the seized property lacked evidentiary import. Under those circumstances, Cox's allegations do not provide a basis for the court to conclude the government had a callous disregard for Cox's constitutional rights.

   3. **Second Factor – Individual Interest and Need for the Property**

Cox did not set forth any supporting information about why she has an individual interest in and need for the property she wants immediately returned. Turner appeared to have full access to the space implicating that the firearms and associated magazines and ammunition may have been his and used in criminal conduct. The investigation is ongoing. (Transcript, ECF No. 33 at 12). Under those circumstances, Turner may have jointly possessed the items. "Constructive possession may be established by the totality of the circumstances." *Com. V. Mudrick*, 507 A.2d 1212, 1213 (1986). "[E]ven absent a marital relationship constructive possession may be found in either or both actors if contraband is found in an area of joint control and equal access." *Id.* at 1214. It is premature to say that these items are "unrelated to any alleged criminal activity associated with the ongoing investigation." (ECF No. 41 at 1).

   4. **Third Factor – Irreparable Injury**

Cox did not indicate why she would be irreparably injured by being denied the return of the property. "'[T]he case law indicates that the injury must be both certain and great, and that it

must not be merely serious or substantial.'" *Chaim*, 692 F.Supp.2d at 475 (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir.2004)). Being inconvenienced is not sufficient to meet this standard.

### 5. Fourth Factor – Adequate Remedy at Law

Finally, if Cox is able to demonstrate ownership of the property, then she will have an equitable remedy at law under 21 U.S.C. § 853(n). At the conclusion of Turner's criminal proceedings, the items listed for forfeiture will posted on www.forfeiture.gov for a minimum of 30 days, when Cox would be able to assert her ownership rights. *Singleton*, 867 F. Supp. 2d at 570. According to "the basic tenet of equity jurisprudence: if an adequate remedy at law exists, equitable relief will not be granted." *Goadby v. Philadelphia Elec. Co.*, 639 F.2d 117, 122 (3d Cir. 1981).

### 6. Summary

Because the criminal proceedings against Turner are ongoing, the burden of proof is on the movant to show she is entitled to the return of the property she requests. Cox did not provide enough information in her motion to warrant a hearing at this time or to sway the court to conclude that the government callously disregarded her rights or that she has an individual interest in the property and would be irreparably harmed by being denied the return of the property. Even if she could establish individual ownership, she has a remedy at law. None of the four factors weigh in favor of exercising equitable jurisdiction. Movant's claim will be denied, without prejudice for her to assert her ownership rights, if any, at the conclusion of Turner's criminal proceedings.

## B. Forfeiture Statute

Even if Cox had established sufficient justification for the court to exercise equitable jurisdiction, the court could not grant her relief with respect to the items noticed for forfeiture in

Turner's indictment. After the government gives notice that it will seek forfeiture of an item of property alleged in a criminal indictment, third parties "are barred by statute from commencing a separate proceeding regarding ownership of the seized property." *Chaim*, 692 F.Supp.2d at 470. Per the criminal forfeiture statute, 21 U.S.C. § 853, actions seeking return of property are barred under § 853(k), which provides that:

> Except as provided in § 853(n)[3], no party claiming an interest in property

---

3. The entire text of § 853(n) reads: Third party interests –
(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.
(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.
(4) The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection.
(5) At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.
(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the
(… footnote continued)

> subject to forfeiture under this section may—
> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k). Under § 853(k), once an indictment includes forfeiture notices third parties are specifically barred from a) commencing an action asserting a valid interest in the property noticed for forfeiture or b) intervening in a trial or appeal to assert their property claims. *Chaim*, 692 F.Supp.2d at 471.

Cox's motion for return of property (ECF No. 41) was filed after the government filed the indictment against Turner noticing forfeiture intentions for specific property. (ECF No. 3). At this time Cox's motion is barred by § 853(k) with respect to the Landor Arms Model 902 Gen 3 12-gauge shotgun, two 12-gauge shotgun magazines, 9mm ProMag extended pistol magazine, 9mm pistol magazine, assorted rounds of 12-gauge ammunition, and assorted rounds of 9mm ammunition.

As previously noted, Cox may utilize the procedures set forth in 21 U.S.C. § 853(n) to petition the court for a hearing on her asserted rights to the property "following the entry of an order of forfeiture under this section." 21 U.S.C. § 853(n). "Notice of the forfeiture [will be] posted

---

property under this section; or
(B)the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
the court shall amend the order of forfeiture in accordance with its determination.
(7) Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.

on www.forfeiture.gov for at least thirty days." *Singleton*, 867 F. Supp. 2d at 570. If Cox asserts an ownership interest and petitions the court for a hearing she will need to present more than she has in the current motion to establish ownership.

> [I]f the property really belongs to the third party[,] [s]he will prevail and recover [her] property whether there were defects in the criminal trial of the forfeiture process or not; and if the property does not belong to the third party, such defects in the findings of forfeitability are no concern of [hers].

*Chaim*, 692 F.Supp.2d at 474 (quoting *United States v. Andrews*, 530 F.3d 1232, 1237 (10th Cir.2008).

### C. On the Merits

Since the criminal case against Turner remains active, Cox has the burden to provide information relating to the four factors considered by a court to exercise equitable jurisdiction. Cox did not allege a sufficient basis for the court to conclude she met her burden and the court must decline to exercise equitable jurisdiction. In any event, her claim would be barred at this time for any items noticed for forfeiture in Turner's indictment. For this reason, it is not necessary for the court to hold an evidentiary hearing on the merits and Cox's motion will be denied, without prejudice.

## IV. CONCLUSION

Pursuant to a Rule 41(g) motion, while a criminal proceeding is ongoing the court must determine whether the movant has established a sufficient basis for the court to invoke equitable jurisdiction. After considering the four factors utilized by a court to determine whether to exercise equitable jurisdiction, the court concludes that the movant did not meet the requisite burden. The

court acknowledges that the criminal forfeiture statute, 21 U.S.C. § 853(k), at this time bars Cox's motion to recover the items listed as subject to forfeiture in Turner's indictment. Therefore, movant's motion will be denied. Cox will be able, pursuant to 21 U.S.C. § 853(n), to assert her claim to the property in issue upon the conclusion of Turner's case when the government publishes the order of forfeiture notice.

 An appropriate order will be entered with this opinion.


Dated: April 10, 2025


              BY THE COURT

              ***/s/ Joy Flowers Conti***
              JOY FLOWERS CONTI
              SENIOR UNITED STATES DISTRICT JUDGE